IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **IRENE CRANSTON**, | Case No. 3:12-cv-02101-HU |
| Plaintiff, | **ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Dennis J. Hubel issued Findings and Recommendation in this case on March 31, 2014. ECF 23. Judge Hubel recommended that the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Irene Cranston ("Cranston") disability insurance benefits ("DIB") under Title II of the Social Security Act be affirmed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendation, "the court

PAGE 1 – ORDER

shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Cranston timely filed an objection. ECF 26. Cranston argues that Judge Hubel erroneously affirmed the decision of the Administrative Law Judge ("ALJ") regarding the medical opinion of Dr. Steven Barry. The ALJ gave "little weight" to Dr. Barry's opinion because it contradicted the medical opinion of Dr. Linda Gossling and reports from Cranston regarding her physical condition. Cranston contends that the ALJ should have fully credited Dr. Barry's medical opinion. The Court has reviewed *de novo* those portions of Judge Hubel's Findings and Recommendation to which Cranston has objected, as well as Cranston's objections and the Commissioner's response. The Court agrees with Judge Hubel's reasoning regarding the ALJ's decision to give the medical opinion of Dr. Barry little weight and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendation if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendation for "clear error on the face of the record."

PAGE 2 – ORDER

For those portions of Judge Hubel's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Hubel's Findings and Recommendation, ECF 23.

**IT IS SO ORDERED.**

DATED this 7th day of May, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER